UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JEFFREY A. NELSON,

       Plaintiff,

  -v-                                     17-CV-6564 MAT
                                            ORDER
SGT. JEFFREY HELMICK, C.O.
JEFFREY BURRI, C.O. JEFFREY PAIGE,
C.O. ROBERT MOTT, C.O. NICHOLAS
LOCK, CASSANDRA L. HEYL, Correction
Counselor (C.C.), NURSE. A. JESSICA B.
BURNETT, O.M.H. UNIT CHIEF THOMAS
SCHLEE, O.M.H. SOCIAL WORKER A.
FORDAM, O.M.H. DOCTOR DADSON,
LT. EDWARD RIZZO,
SUPERINTENDENT JOHN COLVIN,
BRIAN HILTON, Executive Assistant
Commissioner,

       Defendants.
_____

## **INTRODUCTION**

      Plaintiff, Jeffrey Nelson, an inmate of the Five Points Correctional Facility's Regional Mental Health Unit, has filed a self-styled "Motion-Memorandum for a[n] Immediate Temporary Preliminary Injunction and a Temporary Restraining Order" ("Motion") asking the Court "to stop the brutality that the [Defendants] are continuously inflicting upon him" at Five Points RMHU. (Docket No. 1, Motion.)[1] Plaintiff did not file a complaint along with his Motion and his enclosure letter to the Court notes that he will

---

[1] The Clerk of Court is respectfully directed to amend the Docket in this matter to reflect that what Plaintiff filed at Docket No. 1 is a Motion for Temporary Restraining Order and Preliminary Injunction, and remove any reference to a "Complaint."

1

file a complaint if his application to proceed as a poor person (Docket No. 2) is granted and "after receiving some kind of relief from the brutality." (Docket No. 1 at 29.)

Because Plaintiff has not filed a complaint as required to initiate a civil action in this Court, *see* Fed. R. Civ. P. 3, and because Plaintiff's application to proceed as a poor person did not include a certification of his inmate trust fund account (or institutional equivalent), this action will be administratively terminated with the right to reopen upon (1) the filing of a complaint seeking relief under 42 U.S.C. § 1983, **and** either (2) a properly supported motion to proceed *in forma pauperis* along with the required certification of the Plaintiff's inmate trust fund account, or (3) payment of the $350.00 filing fee and the $50.00 administrative fee ($400.00 total).

## **DISCUSSION**

### A. COMPLAINT

As noted, Plaintiff has advised the Court that he will file a complaint once the Court grants his application to proceed as a poor person and after he receives some form of preliminary injunctive relief. Rule 3 of the Federal Rules of Civil Procedure unequivocally provides that "[a] civil action is commenced by filing a complaint with the court." "Prior to the filing of a complaint a court lacks subject matter jurisdiction and is powerless to grant preliminary injunctive relief." *Williams v. State Univ. of N.Y.*, 635 F. Supp. 1243, 1246 (E.D.N.Y. 1986) (citing *Stewart v. United States Immigration and Naturalization Service*, 762 F.2d 193, 198 (2d Cir. 1985); *see also Oba v. Goord*, 180 F.R.D. 244 (W.D.N.Y.) (Siragusa, J.) ("Without the prerequisite of a filed complaint, this court is without jurisdiction to entertain any motions for preliminary relief.").

Accordingly, this action must be administratively terminated with the right to reopen, as directed below, and Plaintiff's Motion is denied without prejudice to refiling upon the reopening of this action.

## B. Application to Proceed *In Forma Pauperis*

A party commencing a civil action in this Court ordinarily must pay a $350.00 filing fee as well as a $50.00 administrative fee.[2] *See* 28 U.S.C. § 1914; Judicial Conference Schedule of Fees, District Court Miscellaneous Fee Schedule;[3] Western District of New York, District Court Schedule of Fees.[4] If a "prisoner" (as defined in 28 U.S.C. § 1915(h)) wishes to commence a civil action, the prisoner must either (1) pay those fees or (2) obtain permission to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915.

### I. REQUIREMENTS FOR *IN FORMA PAUPERIS* APPLICATION

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), which amended 28 U.S.C. § 1915, established certain requirements that a prisoner must meet in order to proceed *in forma pauperis*. Those requirements are summarized below.

---

[2] Effective May 1, 2013, the Judicial Conference of the United States added an administrative fee of $50.00 to the cost of filing a civil lawsuit in district court. *See* September 2012 Report of the Proceedings of the Judicial Conference of the United States, available at <http://www.uscourts.gov/about-federal-courts/reports-proceedings-judicial-conference-us>. But this additional administrative fee does not apply to prisoners who are granted permission to proceed *in forma pauperis*. *See generally id*.

[3] Available at <http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule>.

[4] Available at <http://www.nywd.uscourts.gov/fee-schedule>.

**A. Supporting Affidavit or Affirmation**

Under 28 U.S.C. § 1915(a)(1), a prisoner seeking to bring a civil action *in forma pauperis* must submit an affidavit or affirmation detailing the prisoner's assets and liabilities and swearing under oath that the prisoner is unable to pay the $350.00 filing fee. A motion to proceed *in forma pauperis* should be supported by such an affidavit or affirmation filed at the same time as the complaint. The United States District Court for the Western District of New York has made available a form motion to proceed *in forma pauperis* with supporting affirmation[5] that is designed to help *pro se* litigants (such as the Plaintiff here) comply with 28 U.S.C. § 1915(a)(1).

**B. Certification of Inmate Trust Fund Account**

Under 28 U.S.C. § 1915(a)(2), a prisoner seeking to proceed *in forma pauperis* also must submit a certified copy of the prisoner's inmate trust fund account statement (or an institutional equivalent) for the six months immediately before the prisoner's complaint was filed. The prisoner must obtain this certified account statement from the appropriate official at each correctional facility where the prisoner was confined during that six-month period. *See* 28 U.S.C. § 1915(a)(2). Alternatively, the prisoner may have prison officials complete and sign the "Prison Certification Section" of the Court's form motion referred to above. *See* note 3, above. In the "Prison Certification Section," prison officials provide the information in the prisoner's trust fund account statement required by 28 U.S.C. § 1915(a)(2).

---

[5] The Court has ordered that a form motion to proceed *in forma pauperis* with supporting affirmation be mailed to the plaintiff. The form also is available at <http://www.nywd.uscourts.gov/pro-se-forms>.

In this case, Plaintiff has failed to submit an application to proceed *in forma pauperis* that includes a certification. His application therefore failed to comply with this requirement.

**C. Authorization Form**

A prisoner seeking to proceed *in forma pauperis* also is required to submit a signed authorization form,[6] permitting the institution in which the prisoner is confined to pay—over time, if necessary—the $350.00 filing fee from the prisoner's trust fund account (or institutional equivalent). See 28 U.S.C. § 1915(b)(1)-(4). In other words, even if the prisoner is granted *in forma pauperis* status, the prisoner must pay the full $350.00 filing fee in installments. See 28 U.S.C. § 1915(b)(1)-(2). The initial payment will be 20% of the average monthly deposits to the prisoner's account or 20% of the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint, whichever is greater. See 28 U.S.C. § 1915(b)(1). For each month after that, as long as the amount in the prisoner's account exceeds $10.00, the agency having custody of the prisoner will deduct from the prisoner's account and forward to the Clerk of Court an installment payment equal to 20% of the preceding month's income that was credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). Those payments continue until the $350.00 fee is paid in full. *Id*. Plaintiff's application complied with this requirement.

**II. ADMINISTRATIVE TERMINATION OF THIS ACTION**

---

[6] The Court has ordered that an authorization form be mailed to the plaintiff. The form also is available at <http://www.nywd.uscourts.gov/pro-se-forms>.

Here, the Plaintiff did not pay the $350.00 filing fee or the $50.00 administrative fee that ordinarily is required to commence a civil action. Nor did the Plaintiff submit a certification of his inmate trust fund account, *see* 28 U.S.C. § 1915(a)(1)-(2), along with his application to proceed *in forma pauperis*. Therefore, the Clerk of Court shall administratively terminate this action[7] without assessing a filing fee, as ordered below. As also ordered below, the Plaintiff is granted leave to reopen this action no later than thirty days from the date of this Order.

## ORDER

Based on the above, it is hereby

ORDERED that the Plaintiff's application to proceed *in forma pauperis* (Docket No. 1) is DENIED, without prejudice; and it is further

ORDERED that Plaintiff's Motion-Memorandum for an Immediate Temporary Preliminary Injunction and a Temporary Restraining Order (Docket No. 1) is DENIED, without prejudice to refile upon the reopening of this action; and it is further

ORDERED that the Clerk of Court shall administratively terminate this action, without assessing a filing fee; and it is further

ORDERED that the Clerk of Court is directed to send to the Plaintiff a form complaint for filing a prisoner civil rights action under 42 U.S.C. § 983, and a form motion to proceed *in forma pauperis* with supporting affirmation; and it is further

---

[7] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations. Therefore, if the case is reopened under the terms of this order, it is not subject to the statute of limitations time bar as long as it originally was timely filed. *See Houston v. Lack*, 487 U.S. 266 (1988) (prisoner mailbox rule); *McDowell v. Del. State Police*, 88 F.3d 188, 191 (3d Cir. 1996); *see also Williams-Guice v. Bd. of Educ.*, 45 F.3d 161, 163 (7th Cir. 1995).

ORDERED that if the Plaintiff wishes to reopen this action, he shall so notify the Court, in writing, no later than **thirty days from the date of this Order**. This writing must include (1) a complaint, **and** either (2) a properly supported motion to proceed *in forma pauperis* **along with the required certification of the Plaintiff's inmate trust fund account**, or (3) payment of the $350.00 filing fee and the $50.00 administrative fee ($400.00 total); and it is further

ORDERED that upon the Plaintiff's submission of a (1) complaint, **and** either (1) a motion to proceed *in forma pauperis* along with the required certification of the Plaintiff's inmate trust fund account, or (3) payment of the $350.00 filing fee and the $50.00 administrative fee ($400.00 total), the Clerk of Court shall reopen this case.

SO ORDERED.

                                                                S/Michael A. Telesca

                                                                 Michael A. Telesca
                                                            United States District Judge

DATED:     August 23, 2017
                Rochester, NY